IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ADRIAN JACKSON                                                                       PLAINTIFF

V.                                                         CAUSE NO. 4:13-cv-00006-SA-JMV

CITY OF GREENWOOD, MISSISSIPPI, et al.                                      DEFENDANTS

## ORDER

Before the court is Moore Law Office, PLLC's ("Moore") Motion to Assert a Lien for Attorney's Fees and Expenses [29]. By Order dated July 26, 2013, this court granted Moore's motion to withdraw as counsel for Plaintiff on condition that it provide Plaintiff with a copy of that Order. The court did not consider Moore's request for assertion of a lien for attorney's fees and expenses—because the motion was unusually vague in that respect—but allowed Moore fourteen days to reurge the motion with sufficient briefing. The court instructed Plaintiff that he had fourteen days of the filing of Moore's motion to file any response.

Now, by the instant motion, Moore asks this court to recognize a lien in the amount of $4,840.45 which represents attorney's fees at the rate of $250.00/hr for 18.25 hours and for expenses totaling $277.95 against any future recovery in this action by Plaintiff, its former client. Plaintiff failed to respond within the time frame provided in the court's Order, and no objections have been filed. Accordingly, the court is prepared to rule, and for the reasons set out below, is of the opinion that the motion should be denied as premature.

An attorney's lien on judgments and decrees obtained by them for fees on account

of services rendered belongs to the family of implied common law liens. *Collins v. Schneider*, 192 So. 20, 22 (Miss. 1939). "An attorney's lien arises out of an express contract between attorney and client for a stated fee, or . . . implied contract to pay the reasonable value of services rendered." *Comet Rice, Inc. v. Robertshaw*, No. 492CV278BD, 1995 WL 1945551, at *6 (N.D. Miss. Feb. 1, 1995) (internal quotes and citation omitted). Under Mississippi law, a charging lien entitles an attorney who, by his services, recovers a judgment, to have his fee satisfied out of the proceeds of that judgment. *See Brothers in Christ, Inc. v. American Fidelity Fire Ins. Co.,* 680 F. Supp. 815, 818 (S.D. Miss. 1987). This lien cannot attach until a judgment is handed down. *See Tyson v. Moore*, 613 So.2d 817, 826 (Miss. 1992). *See also Webster v. Sweat*, 65 F.2d 109, 110 (5th Cir. 1933). At this point, the attorney is considered as assignee of the judgment to the extent of the fee. *Id*. Though federal courts do not recognize a common law lien in favor of attorneys, they give effect to the laws of the states in which they are held. *See Hoxsey v. Hoffpauir*, 180 F.2d 84, 86 (5th Cir. 1950).

Here, the contingent fee agreement between Plaintiff and Moore sets out terms that require Plaintiff to reimburse Moore for all out-of-pocket expenses. The agreement further provides that Plaintiff assigned to Moore a contingent interest in a specified percentage of any recovery obtained at certain stages, i.e., before filing suit, after filing suit, and after appeal. Moore essentially asserts that it is entitled to recover in *quantum meruit* the reasonable cost of the legal services it provided, should Plaintiff receive any recovery for his claim. Moore states that it entered into said contract with Plaintiff, reasonably relying on Plaintiff's understanding that Moore had a reasonable expectation of compensation for rendering skill, expertise, and legal services. Additionally, Moore

points out it was granted leave to withdraw from representing Plaintiff in this action because it and Plaintiff had reached an impasse regarding how the case should proceed.

"[A] law firm may recover the reasonable value of its services upon termination of its employment under [a] contingent fee contract." *See Poole v. Gwin, Lewis & Punches, LLP*, 792 So.2d 987, 990 (Miss. 2001) (citations omitted). Recovery in quantum meruit is a remedy based in contract that is premised on "either [an] express or 'implied' contract." *In re Estate of Stewart*, 732 So.2d 255, 259 (Miss. 1999) (citation omitted). Under this theory of recovery, "the amount of the recovery is 'limited to the monetary equivalent of the reasonable value of the services rendered . . .' for which payment has not been tendered." *Id*.

Plaintiff has yet to recover anything in this action. Accordingly, there is nothing to which a charging lien may attach. Moreover, considering that a significant factor in determining the reasonableness of any award is the result obtained, there is no way for this court to make a determination until the case has been finally resolved. Accordingly, the instant motion is DENIED as premature.

This, the 5th day of September, 2013.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE